J-S10030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMEY C. ROBERTSON | : | |
| Appellant | : | No. 313 MDA 2025 |

Appeal from the PCRA Order Entered January 29, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001791-2002

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: JULY 24, 2026**

Jamey C. Robertson ("Robertson") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Robertson's counsel, Attorney Brandy G. Hoke ("Counsel"), has filed a petition to withdraw representation and an accompanying brief in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). After review, we grant Counsel's petition to withdraw and affirm the order.

This Court previously set forth the relevant underlying facts:

On October 17, 1999, Robertson entered a pizza shop, demanded money, and repeatedly stabbed an employee. A jury convicted Robertson on August 7, 2003, of criminal attempt – homicide, aggravated assault, robbery, possessing an instrument

---

[1] 42 Pa.C.S. §§ 9541-9546.

of crime, and recklessly endangering another person. The trial court sentenced Robertson on September 17, 2003, to an aggregate term of 30 to 60 years' imprisonment. This Court affirmed the judgment of sentence on April 26, 2005[,] and Robertson did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See Commonwealth v. Robertson*, 874 A.2d 1200 (Pa. Super. 2005).

Robertson timely filed his first PCRA petition. The PCRA court appointed counsel, who filed several amended petitions. The PCRA court denied Robertson's petition on June 30, 2008. This Court affirmed on September 16, 2009, and our Supreme Court denied allowance of appeal on April 12, 2010. *See Commonwealth v. Robertson*, 986 A.2d 1263 (Pa. Super. 2009) (unpublished memorandum) at 1-8, appeal denied, 992 A.2d 888 (Pa. 2010).

After Robertson filed several additional unsuccessful PCRA petitions, he filed [] his fifth, on March 13, 2019. In his petition, Robertson acknowledged that his petition was untimely but claimed that he had discovered new facts that rendered his petition timely. To that end, Rober[t]son asserted that a letter he received from Leon Iverson [("Iverson")], a fellow inmate, detailed previously unknown exculpatory information. Iverson stated in the letter that he had spoken to his aunt, Shenita Allen [("Allen")], a witness in Robertson's trial, and Allen admitted that she lied to police about a jacket allegedly belonging to Robertson. The jacket she was allegedly referring to was an important piece of evidence at trial, because the jacket contained the victim's blood.

*Commonwealth v. Robertson*, 253 A.3d 251, *1 (Pa. Super. 2021) (non-precedential decision) (citation, brackets, and ellipses omitted, footnote added).

The PCRA court scheduled a hearing on Robertson's fifth PCRA petition on March 5, 2020. Prior to the hearing, Robertson requested discovery of all documents related to Allen. Robertson received the discovery documents,

including police reports from the Commonwealth, on February 26, 2020.  After receiving discovery, Robertson did not seek to amend his petition.

Ultimately, the PCRA court denied Robertson's fifth PCRA petition as untimely on March 6, 2020.  This Court affirmed, finding it untimely and that he failed to plead and prove why he reasonably could not have learned the new "fact" regarding the coat earlier.  *See id.*  The Pennsylvania Supreme Court denied allowance of appeal on November 2, 2021.  ***Commonwealth v. Robertson***, 266 A.3d 440 (Pa. 2021).

On November 22, 2021, Robertson pro se filed a petition for writ of habeas corpus, his second, in the United States District Court of the Middle District of Pennsylvania, alleging the Pennsylvania courts' dismissal of his fifth PCRA petition violated his rights under the United States Constitution and federal law. ***See Robertson v. Pennsylvania***, 2022 WL 4238094 at *1 (M.D. Pa. 2022).  On September 14, 2022, the district court found that it was without jurisdiction to consider Robertson's second habeas corpus petition because of his failure to seek and receive permission from the Third Circuit Court of Appeals to file a second habeas petition.  ***Id.*** at *2.  The court transferred the matter to the Third Circuit Court of Appeals.  ***Id.*** at *3.  The Third Circuit precluded Robertson from obtaining review.

On October 10, 2023, Robertson pro se filed a sixth PCRA petition, claiming, inter alia, that the Commonwealth withheld evidence in the form of police reports obtained during discovery on his fifth PCRA petition, which

provided witness statements describing the suspect differently than presented at trial. Subsequently, the PCRA court appointed Counsel to represent Robertson, who filed an amended PCRA petition. In the amended petition, Robertson invoked the governmental interference and newly-discovered facts exceptions to the PCRA's time bar, claiming as support that the police reports obtained during contained witness statements, which were not provided to him at the time of trial. According to Robertson, the new evidence would have supported Robertson's theory that he did not commit the crimes and changed the outcome of the case.

On October 3, 2024, the PCRA court conducted a hearing only on the timeliness of Robertson's sixth PCRA petition. Following this hearing, the PCRA court directed the parties to file post-hearing briefs. On December 10, 2024, Robertson filed a pro se seventh PCRA petition. On December 17, 2024, the PCRA court declared its intent to deny Robertson's sixth PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 19, 2024, the PCRA court issued a separate notice of its intent to deny Robertson's seventh PCRA petition without a hearing, as it raised the same claim as raised in the sixth PCRA petition. Subsequently, the PCRA court entered an order dismissing the sixth and seventh PCRA petitions as untimely filed. Robertson

filed a notice of appeal.[2]  On August 10, 2025, Robertson's counsel filed a no-merit letter brief and a motion to withdraw as counsel pursuant to **Turner/ Finley**.

Before addressing the merits of Robertson's PCRA claim, we must consider whether Counsel satisfied the technical requirements of **Turner**/**Finley**. **See Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016).

> To be permitted to withdraw from PCRA representation, counsel "must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit,

_____

[2] The PCRA court denied the PCRA petition on January 29, 2025.  The instant notice of appeal was docketed on March 3, 2025, which was untimely.  **See** Pa.R.A.P. 903(a) ("the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."); Pa.R.A.P. 105(b) ("an appellate court … may not enlarge the time for filing a notice of appeal").  This Court entered an Order directing Counsel to show cause why the appeal should not be quashed as untimely.  Order, 5/20/2025.  Counsel filed a response, noting that counsel timely PACFiled the notice of appeal on February 28, 2025, but the notice was returned as rejected.  Accordingly, this Court discharged the rule on June 23, 2025.

We decline to quash Robertson's appeal, as Counsel timely submitted a notice of appeal, even though it was subsequently rejected, as the initial rejection did not affect the validity of the appeal.  **See Commonwealth v. Shelton,** 2023 WL 5097214 **3-5 (Pa. Super. Aug. 9, 2023) (non-precedential decision) (declining to quash appeal where a notice of appeal was timely submitted electronically through PACFile, but was ultimately rejected, noting the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is subject to such action as the appellate court deems appropriate") (citation omitted); **see also** Pa.R.A.P. 126(b) (stating non-precedential decisions filed after May 1, 2019, may be cited for persuasive authority).

and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner/Finley***,… this Court [] must then conduct its own review of the merits of the case. If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief.

***Id.*** at 510-11 (citations omitted and formatting altered).

Here, in the ***Turner/Finley*** brief, Counsel describes the nature and extent of her review, identifies the issue that Robertson seeks to raise, and explains why the issue lacks merit. Additionally, Counsel provided Robertson notice of her intention to withdraw from representation, a copy of the ***Turner/Finley*** brief and petition to withdraw as counsel and advised Robertson of his immediate right to proceed pro se or with private counsel in lieu of his representation. Petition to Withdraw, 8/10/2025, at 2 (unnumbered). Accordingly, we conclude that Counsel has complied with the requirements necessary to withdraw under ***Turner/Finley***.

Counsel raises the following question for our review: "Whether the [PCRA c]ourt erred in denying [Robertson's] amended PCRA petition … for being untimely and not satisfying an exception to the one-year time period for PCRA purposes." ***Turner/Finley*** Brief at 6. Robertson filed a pro se response, raising various ineffective assistance of counsel claims against Counsel and prior PCRA counsel, legality of sentencing claim, and a claim seeking testing of evidence. Pro Se Response at 1-3.

Initially, we note that the PCRA court addressed and denied Robertson's pro se seventh PCRA petition, which raised the same claims as the sixth petition, despite the fact he was represented by Counsel at the time he filed the seventh petition. Generally, a pro se filing by a party who is represented by counsel is considered to be a legal nullity, as the filing constitutes improper hybrid representation. ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010); ***see also Commonwealth v. Pursell***, 724 A.2d 293, 302 (Pa. 1999) ("We will not require courts considering PCRA petitions to struggle through the pro se filings of defendants when qualified counsel represent those defendants."). Because Counsel remained counsel of record in the case at the time Robertson filed his seventh PCRA petition, the PCRA court should have treated this petition as a nullity. ***See Ali***, 10 A.3d at 293. Thus, we will only address Robertson's sixth PCRA petition.

The sole claim raised in the ***Turner/Finley*** brief claims error by the PCRA court in finding that Roberton's sixth petition was untimely filed and failed to establish an exception to the time bar. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (quotation marks and citation omitted); ***see also Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa. Super. 2022) (noting "the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and

cannot grant relief"). The timeliness of a PCRA petition is a question of law for which our standard of review is de novo and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014).

All PCRA petitions, including second or subsequent petitions, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves one of the exceptions to the timeliness requirement. 42 Pa.C.S. § 9545(b)(1). These exceptions include:

> (i)    The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** Any PCRA petition invoking one of the exceptions listed above must be filed within one year of the date the claim could have been presented. ***Id.*** § 9545(b)(2).

Robertson's judgment of sentence became final on May 26, 2005, when the time to file an appeal to the Pennsylvania Supreme Court expired. ***Id.*** § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review"). Therefore, Robertson's sixth PCRA petition, filed on October 10, 2023, was patently untimely.

In the underlying PCRA petition and in the *Turner/Finley* brief, Robertson attempted to invoke the newly-discovered fact exception. *Turner*/*Finley* Brief at 9.[3] He argues that he was provided discovery on February 26, 2020, during the pendency of his fifth PCRA petition, which included an interview with Allen that was not provided to him. *Id.* at 8-9.[4] Additionally, in his pro se response, Robertson claims that the withheld police records provided in February 2020 cited witnesses who provided descriptions

_____

[3] We note that although included in Robertson's amended PCRA petition, Counsel did not raise the governmental interference exception in the *Turner*/*Finley* brief. *See Commonwealth v. Bennett*, 517 A.2d 1248, 1250 n.4 (Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned). Further, although Robertson alleges in his pro se response the "obstruction of government officials of [his] appeal rights," Pro Se Response at 1, he does not plead the elements of the governmental interference exception, nor does he provide any argument in support of this claim. *See Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) (a PCRA petitioner fails to meet his burden of proving a time-bar exception where he offers only general allegations); *Commonwealth v. Murphy*, 180 A.3d 402, 404-05 (Pa. Super. 2018) (a PCRA petitioner fails to meet a timeliness exception where they fail to develop any meaningful argument as to which exception applies). Thus, we do not conduct an evaluation of the applicability of the government interference exception to the PCRA's time bar.

[4] The Commonwealth disputes this fact and maintains that it provided all reports relating to Allen during discovery before trial. Commonwealth's Brief at 17.

of the suspect. Pro Se Response at 2. Robertson further contends that the period for filing his sixth PCRA was tolled because he had filed a federal habeas corpus claim on November 22, 2021, which did not resolve until August 9, 2023. ***Turner*/*Finley*** Brief at 7-9; Pro Se Response at 2-3.

Preliminarily, we observe that Robertson's invocation of the newly-discovered fact exception based on an interview with Allen that was allegedly withheld was not raised in his amended PCRA petition. "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007).[5]

With respect to the witness identifications referenced in the police records, Robertson failed to raise this claim within one year of when it could have been presented. ***See*** 42 Pa.C.S. § 9545(b)(2). He does not dispute that he received the reports on February 26, 2020, while his fifth PCRA petition was pending before the PCRA court. Robertson did not seek to amend his fifth PCRA petition to raise this claim. ***See*** 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

_____

[5] As noted above, this Court has already concluded that Robertson did not act with due diligence in finding the evidence related to Allen. ***See*** 42 Pa.C.S. § 9544(a)(2) (noting an issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue").

Moreover, assuming for the sake of discussion that Robertson was awaiting the resolution of his fifth petition to raise this claim in a new PCRA petition, the Pennsylvania Supreme Court denied allowance of appeal on issues related to that petition on November 2, 2021. Thus, he would have had until November 2, 2022, to file a new PCRA petition raising this claim. *See Commonwealth v. Beatty*, 207 A.3d 957, 963 (Pa. Super. 2019) ("Where a prior petition is pending on appeal, a subsequent petition must be filed within the time limits set forth in [s]ection 9545(b)(2) as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented."). Robertson did not file the instant PCRA petition raising this claim until October 10, 2023. Significantly, contrary to Robertson's claim, the PCRA time limitations are not tolled during federal review. *See Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (holding that the time limitations under the PCRA are not tolled by the filing of a federal petition for habeas corpus). Therefore, Robertson did not timely raise this claim.

In his pro se response, Robertson raises additional claims regarding the failure of Counsel to adequately represent him. Pro Se Response at 2, 3. Specifically, he asserts that Counsel was ineffective by failing to present his newly discovered fact claim at the October 3, 2024 evidentiary hearing, forcing Robertson to argue the claim himself. Pro Se Response at 2. Further, Robertson claims that Counsel failed to timely file the notice of appeal in this

matter. *Id.* at 2-3. Because of Counsel's ineffectiveness, Robertson argues that he is entitled to an appeal nunc pro tunc. *Id.* at 3.

A "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021), (footnote omitted). *Bradley*, however, occurred in the context of a first, timely PCRA petition. *Id.* at 384. We have held that "[n]othing in *Bradley* creates a right to file a second [or subsequent] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023); *see also Commonwealth v. Laird*, 331 A.3d 579, 583 (Pa. 2025) (holding "*Bradley* did not establish an equitable exception to the PCRA's time-bar" and "its rationale cannot be extended to create one"). "Because courts lack jurisdiction to hear an untimely PCRA petition, they necessarily lack jurisdiction to consider ancillary matters" like ineffective assistance of counsel claims. *Laird*, 331 A.3d at 599.

Robertson seeks to raise claims of ineffective assistance of counsel in an untimely PCRA petition and fails to plead or prove any timeliness exception in this regard. *See Commonwealth v. Branthafer*, 315 A.3d 113, 123 (Pa. Super. 2024) ("*Bradley* expanded the opportunities afforded a petitioner to raise ineffectiveness claims, albeit still requiring that the petitioner satisfy the

jurisdictional one-year time-bar requirement."). We therefore are unable to consider the merits of these claims.

Robertson also argues that his sentence was illegal. Pro Se Response at 2. Because the PCRA petition is untimely, we lack jurisdiction to decide the merits of this claim. **See Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) ("[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition.").

He further argues that the police report states Allen had a stocking cap used in the robbery, claiming the evidence should be tested. Pro Se Response at 2. This issue was not raised in his PCRA petition and cannot be raised for the first time on appeal, rendering it waived. **See Washington**, 927 A.2d at 601.

Finally, Robertson claims error in the PCRA court's failure to provide a complete response to all claims raised in Robertson's amended PCRA petition. Pro Se Response at 3. As the PCRA court found Robertson's amended PCRA petition was untimely filed and he failed to plead and prove a timeliness exception, it lacked jurisdiction to rule upon the merits of the claims raised. **See Brown**, 141 A.3d at 499.

In conclusion, the underlying PCRA petition was untimely, and Robertson failed to plead and prove that any exceptions apply. Accordingly, neither the PCRA court nor this Court have jurisdiction to consider the merits

of Robertson's claims. ***See Commonwealth v. Keys***, 328 A.3d 1141, 1146 (Pa. Super. 2024) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims") (citation omitted). We therefore grant Counsel's petition to withdraw representation and affirm the PCRA court's order.[6]

Petition to withdraw granted. Order affirmed. Request for Leave to Amend denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2026

---

[6] On July 23, 2026, Robertson filed a "request for leave to amend due to new case law." In the request, he cites to ***Commonwealth v. Brown***, 350 A.3d 12 (Pa. 2026), but fails to provide any argument as to how ***Brown*** applies to the instant case. Instead, he baldly states that it would provide clarity to the PCRA court's order dismissing the instant PCRA petition. Thus, we deny Robertson's request.